UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

DARIO ANCO
and other similarly-situated individuals,

      Plaintiff(s),

v.

LUMEN GROUP LLC
and JULIAN A. AGUIRRE,
individually.

      Defendants,

_____/

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff, DARIO ANCO, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants LUMEN GROUP LLC and JULIAN A.  AGUIRRE, individually and alleges:

### JURISDICTION VENUES AND PARTIES

1.  This is an action to recover money damages for unpaid minimum, overtime wages, and retaliation under the laws of the United States.  This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2.  Plaintiff DARIO ANCO is a resident of Miami-Dade County, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3.  Defendant LUMEN GROUP LLC (hereinafter LUMEN GROUP, or Defendant) is a Florida corporation, having a place of business in Miami-Dade County, Florida, where

Plaintiff worked for Defendant, and at all times material hereto, Defendant was engaged in interstate commerce.

4.  The individual Defendant JULIAN A. AGUIRRE was and is now, the owner, President, of Defendant Corporation LUMEN GROUP, INC. (hereinafter LUMEN GROUP, or Defendant). This individual Defendant was an employer, within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5.  All the action raised in this complaint took place in Miami/Dade County Florida, within the jurisdiction of this Court.

<u>GENERAL ALLEGATIONS</u>

6.  This cause of action is brought by Plaintiff DARIO ANCO to recover from Defendants minimum wages, overtime compensation, liquidated damages, retaliatory damages and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

7.  Corporate Defendant LUMEN GROUP is a general maintenance company specialized in providing janitorial services to commercial accounts.

8.  Defendants LUMEN GROUP, and JULIAN A. AGUIRRE employed Plaintiff DARIO ANCO as a non-exempt full-time janitorial employee approximately on January 22, 2015. To the present date, October 19, 2018, Plaintiff continues his employment with Defendant. Plaintiff has been working for Defendant for a period of 3 years plus 8 months. For FLSA'S purposes Plaintiff's relevant period of employment is 156 weeks (to October 19, 2018).

9.  Plaintiff was hired to work as a janitor, with a wage rate of $10.00 an hour, plus car related expenses.  Plaintiff overtime rate should be $15.00 an hour.

10. Plaintiff worked under the supervision of the owner of the business JULIAN A. AGUIRRE, and supervisor Johan Castellano.

11. During his relevant employment period with Defendants, Plaintiff maintained an irregular schedule.  Plaintiff worked 7 days per weeks on split shifts. Plaintiff performed his work in a jobsite, and then he traveled to his next job assignment.

12. To perform his work, Plaintiff used his own vehicle, and he had to pay for gas and other car expenses.  Plaintiff was not reimbursed for those operation costs.

13. Typically, Plaintiff worked from 12:00 AM 5:00 AM (5 hours) in the Weston area; then he went to his second work assignment from 7:00 AM to 12:00 PM (5 hours) in the Brickell area; ands from 1:00 PM to 5:00 PM (4 hours) in the Kendall area.  Plaintiff completed 14 hours daily or 98 working hours in one week.

14. The following week, Plaintiff did the same route, but on 2 days within the week, he worked only 10 hours, the remaining days Plaintiff worked 14 hours every day, resulting in 90 working hours per week.

15. On or about August 13, 2018 Plaintiff working hours were reduced to 15 hours per week.

16. Therefore, during his relevant period of employment from October 19, 2015 to August 12, 2018 (147 weeks) Plaintiff worked every month, 2 weeks of 98 hours of work, and 2 weeks of 90 hours of work, which represent 73 weeks with 98 hours of work; and 74 weeks with 90 hours of work.

17. Plaintiff with checks or cash, but he was never provided with paystubs, or any kind of records regarding days and hours worked, wage rate, employment taxes withheld etc.

18. Plaintiff did no clock in and out, but Defendants were able to track the hours worked for Plaintiff. Plaintiff and other similarly situated employees were constantly monitored by manager JULIAN A. AGUIRRE and supervisor Johan Castellano.

19. As per Plaintiff's belief and information, Defendants intended to pay him for all his working hours, but at his regular rate.

20. Every week, Plaintiff worked in excess of 40 hours, but Defendants failed to pay him for overtime hours.

21. Therefore, during the relevant period of time Defendants failed to pay Plaintiff overtime wages at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

22. In addition, Defendant did not pay Plaintiff his wages in a regular fashion and on payment dates.  Throughout many weeks, Defendant did not pay plaintiff at all, or they did partial payments. Plaintiff was not compensated his regular wages for every working hour during his relevant period of employment.

23. Plaintiff complained about his overtime payment and regular unpaid wages multiple times, too many to count, the owner of the business JULIAN A.  AGUIRRE always promised to fix the problem soon, but he never did it.

24. On or about June 2018, Plaintiff and the owner of the business JULIAN A.  AGUIRRE had a meeting in which they together reviewed Defendants' payment records and made calculations about Plaintiff's unpaid wages. JULIAN A.  AGUIRRE and Plaintiff agreed that Defendants did not pay Plaintiff for 2,500 accumulated working hours at the rate of

$10.00 an hour, which resulted in the amount of $25,000.00 in unpaid wages. JULIAN A. AGUIRRE was in agreement about the accumulated wages owed to Plaintiff.

25. The owner of the business JULIAN A.  AGUIRRE promised to pay Plaintiff for every hour and he proposed an installment plan. Plaintiff accepted. Nevertheless, Defendant never performed as agreed, and never paid Plaintiff for his unpaid wages.

26. On or about Friday August 10, 2018, Plaintiff requested to be paid for overtime hours and his unpaid wages as agree, JULIAN A.  AGUIRRE got very upset, and they had an argument.

27. As a retaliatory action for Plaintiff's multiple complaints, on or about August 13, 2018, Plaintiff's working hours were reduced to 15 hours per week.

28. Therefore, Defendants willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and a half his regular rate, Plaintiff complained, and then Defendants retaliated against Plaintiff in violation of the Fair Labor Standards Act.

29. Plaintiff DARIO ANCO seeks to recover overtime hours at the rate of time and a half his regular rate, for every hour in excess of 40 that he worked in a week period, minimum wages for hours that were not paid at any rate, liquidated damages, retaliatory damages, and any other relief as allowable by law.

30. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS

31. Plaintiff DARIO ANCO re-adopts each and every factual allegation as stated in paragraphs 1-30 above as if set out in full herein.

32. This cause of action is brought by Plaintiff DARIO ANCO as a collective action to recover from Defendants overtime compensation, liquidated damages, costs and reasonably attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after October 2015,  (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

33. Defendant LUMEN GROUP was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The defendant is maintenance/janitorial company providing services to companies engaged in interstate commerce. Defendant had more than two employees and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

34. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce.  Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

35. Defendants LUMEN GROUP, and JULIAN A. AGUIRRE employed Plaintiff DARIO ANCO as a non-exempt full-time janitorial employee approximately on January 22, 2015. To the present date, October 19, 2018, Plaintiff continues his employment with Defendant. Plaintiff has been working for Defendant for a period of 3 years plus 8 months. For FLSA'S purposes Plaintiff's relevant period of employment is 156 weeks (to October 19, 2018).

36. Plaintiff was hired to work as a janitor, with a wage rate of $10.00 an hour.  Plaintiff overtime rate should be $15.00 an hour.

37. During his relevant employment period with Defendants, Plaintiff maintained an irregular schedule.  Plaintiff worked 7 days per weeks on split shifts. Plaintiff performed his work in a jobsite, and then he traveled to his next job assignment.

38. During his relevant period of employment from October 19, 2015 to August 12, 2018 (147 weeks) Plaintiff worked every month, 2 weeks of 98 hours of work, and 2 weeks of 90 hours of work, which represent 73 weeks with 98 hours of work; and 74 weeks with 90 hours of work.

39. Plaintiff worked in excess of 40 hours every week period. However, Plaintiff was not paid for overtime hours. Plaintiff was paid for overtime hours at his regular rate.

40. Therefore, Plaintiff was not paid for all his overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

41. Defendants did not have any time-keeping method, but they were able to track the hours worked by Plaintiff and other similarly situated individuals Plaintiff and other similarly situated employees were constantly monitored by manager JULIAN A. AGUIRRE.

42. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendant.  However, upon information and belief, Defendant did not maintain time accurate records of hours worked by Plaintiff and other employees.

43. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

44. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

45. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

   * Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.

   a. Total amount of alleged unpaid O/T wages:

      Thirty-Nine Thousand Six Hundred Seventy Dollars and 00/100 ($39,670.00)

   b. Calculation of such wages:

      Relevant weeks of employment:  147 weeks

    i.    Overtime for 73 weeks with 98 working hours

Relevant weeks: 73 weeks
Total hours worked:  98 hours
Total overtime hours: 58 O/T hours
Total number of unpaid O/T hours: 58 hours
Regular rate: $10.00 x 1.5= $15.00 O/T rate
O/T rate $15.00-$10.00 rate paid=$5.00 half-time

Half-time $5.00 x 58 hours=$290.00 weekly x 73 weeks=$21,170.00

    ii.    Overtime for 74 weeks with 90 working hours

Relevant weeks: 74 weeks
Total hours worked:  90 hours
Total overtime hours: 50 O/T hours
Total number of unpaid O/T hours: 50 hours
Regular rate: $10.00 x 1.5= $15.00 O/T rate
O/T rate $15.00-$10.00 rate paid=$5.00 half-time

Half-time $5.00 x 50 hours=$250.00 weekly x 74 weeks=$18,500.00

Total I and ii: $ 39,670.00

<u>Nature of wages (e.g. overtime or straight time):</u>

This amount represents unpaid overtime wages.

46. At all times material hereto, the Employers/Defendants failed to comply with Title 29
U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and
worked in excess of the maximum hours provided by the Act but no provision was made
by the Defendant to properly pay them at the rate of time and one half for all hours worked
in excess of forty hours (40) per workweek as provided in said Act.

47. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning
the payment of overtime wages as required by the Fair Labor Standards Act and remain
owing Plaintiff and those similarly-situated these overtime wages since the commencement
of Plaintiff's and those similarly-situated employee's employment with Defendant as set

forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

48. At the times mentioned, individual Defendant JULIAN A. AGUIRRE was the owner, president, and manager of LUMEN GROUP, respectively.   Defendant JULIAN A. AGUIRRE was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that this individual Defendant acted directly in the interests of LUMEN GROUP in relation to its employees, including Plaintiff and others similarly situated. Defendant JULIAN A. AGUIRRE had absolute financial and operational control of the Corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly liable for Plaintiff's damages.

49. Defendants LUMEN GROUP, and JULIAN A. AGUIRRE willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

50. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff DARIO ANCO and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff DARIO ANCO and other similarly-situated individuals and against the Defendants LUMEN GROUP, and JULIAN A. AGUIRRE on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et

seq.; and

B.   Award Plaintiff DARIO ANCO, actual damages in the amount shown to be due for unpaid overtime compensation for hours, worked in excess of forty weekly, with interest; and

C.   Award Plaintiff an equal amount in double damages/liquidated damages; and

D.   Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.   Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff DARIO ANCO demands trial by jury of all issues triable as of right by jury.

<u>COUNT II:</u>
<u>F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AS TO ALL DEFENDANTS</u>

51.  Plaintiff DARIO ANCO re-adopts each and every factual allegation as stated in paragraphs 1-30 of this complaint as if set out in full herein.

52.  This action is brought by Plaintiff DARIO ANCO and those similarly-situated to recover from the Employer LUMEN GROUP unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

53.  Defendant LUMEN GROUP was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The defendant is maintenance/janitorial company providing services to companies engaged in interstate commerce. Defendant had more than two employees and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida

sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

54. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

55. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

   (1) except as otherwise provided in this section, not less than—

        (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

        (B) $6.55 an hour, beginning 12 months after that 60th day; and

        (C) $7.25 an hour, beginning 24 months after that 60th day

56. Defendants LUMEN GROUP, and JULIAN A. AGUIRRE employed Plaintiff DARIO ANCO as a non-exempt full-time janitorial employee approximately on January 22, 2015. To the present date, October 19, 2018, Plaintiff continues his employment with Defendant. Plaintiff has been working for Defendant for a period of 3 years plus 8 months. For FLSA'S purposes Plaintiff's relevant period of employment is 156 weeks (to October 19, 2018).

57. Plaintiff was hired to work as a janitor, with a wage rate of $10.00 an hour.

58. Plaintiff worked under the supervision of the owner of the business JULIAN A. AGUIRRE, and supervisor Johan Castellano.

59. During his relevant employment period with Defendants, Plaintiff maintained an irregular schedule.  Plaintiff worked 7 days per weeks on split shifts. Plaintiff performed his work in a jobsite, and then he traveled to his next job assignment.

60. Typically, Plaintiff worked from 12:00 AM 5:00 AM (5 hours) in the Weston area; then he went to his second work assignment from 7:00 AM to 12:00 PM (5 hours) in the Brickell area; and from 1:00 PM to 5:00 PM (4 hours) in the Kendall area.  Plaintiff completed 14 hours daily or 98 working hours in one week.

61. The following week, Plaintiff did the same route, but on 2 days within the week, he worked only 10 hours, the remaining days Plaintiff worked 14 hours every day, resulting in 90 working hours per week.

62. On or about August 13, 2018 Plaintiff working hours were reduced to 15 hours per week.

63. Therefore, during his relevant period of employment from October 19, 2015 to August 12, 2018 (147 weeks) Plaintiff worked every month, 2 weeks of 98 hours of work, and 2 weeks of 90 hours of work, which represent 73 weeks with 98 hours of work; and 74 weeks with 90 hours of work.

64. Plaintiff with checks or cash, but he was never provided with paystubs, or any kind of records regarding days and hours worked, wage rate, employment taxes withheld etc.

65. Plaintiff did no clock in and out, but Defendants were able to track the hours worked for Plaintiff. Plaintiff and other similarly situated employees were constantly monitored by manager JULIAN A. AGUIRRE and supervisor Johan Castellano.

66. During the relevant period of employment, Defendant did not pay Plaintiff his wages in a regular fashion and on payment dates.  Throughout many weeks, Defendant did not pay plaintiff at all, or they did partial payments. Plaintiff was not compensated his regular wages for every working hour during his relevant period of employment.

67. Plaintiff complained about his unpaid regular wages multiple times, too many to count, the owner of the business JULIAN A.  AGUIRRE always promised to fix the problem, but he never did it.

68. On or about June 2018, Plaintiff and the owner of the business JULIAN A.  AGUIRRE made calculations and they agreed that Defendants did not pay Plaintiff for 2,500 accumulated working hours at the rate of $10.00 an hour, which is an equivalent to 62.5 regular weeks of 40 hours weekly, or the amount of $25,000.00. JULIAN A.  AGUIRRE was in agreement about the accumulated wages owed to Plaintiff.

69. The owner of the business JULIAN A.  AGUIRRE promised to pay Plaintiff for every hour and he proposed an installment plan. Plaintiff accepted. Nevertheless, Defendant never performed as agreed, and did not pay Plaintiff for his regular wages.

70.  Plaintiff was not paid for a substantial number of hours regular wages at any rate, not even the minimum wage as required by law.

71. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act.

72. The records, if any, concerning the number of hours worked by Plaintiff DARIO ANCO, and all other similarly-situated employees, and the compensation paid to such employees should be in the possession and custody of Defendant.  However, upon information and

belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

73. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

74. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

75. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Florida minimum wage is $8.25, which is higher than Federal minimum wage. As per FLSA regulations the higher minimum wage applies.

   a. Total amount of alleged unpaid wages:

      Twenty Thousand Six Hundred Twenty-Five Dollars and 60/100 ($20,625.00)

   b. Calculation of such wages:

      Total number of unpaid hours: 2,500 hours
      Total unpaid weeks:  2500 hours:40 hours= 62.5 weeks
      Regular rate:  $10.00 an hour
      Florida minimum wage:  $8.25

      Florida Min. wage $8.25 x 40 hours=$330.00 weekly
      $330.00 weekly x 62.5 weeks = $20,625.00

   c. Nature of wages:

      This amount represents unpaid minimum wages at Florida wage rate.

76. Defendant LUMEN GROUP unlawfully failed to pay Plaintiff minimum wages.  Plaintiff seeks to recover for minimum wage violations accumulated during his relevant time of employment.

77. Defendant LUMEN GROUP knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these minimum wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

78. At the times mentioned, individual Defendant JULIAN A. AGUIRRE was the owner, and manager of LUMEN GROUP.  Defendant JULIAN A. AGUIRRE was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that this individual Defendant acted directly in the interests of LUMEN GROUP in relation to its employees, including Plaintiff and others similarly situated. Defendant JULIAN A. AGUIRRE had absolute financial and operational control of the Corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly liable for Plaintiff's damages.

79. Defendants LUMEN GROUP, and JULIAN A. AGUIRRE willfully and intentionally refused to pay Plaintiff minimum, as required by the law of the United States, and remain owing Plaintiff these minimum wages as set forth above.

80. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff DARIO ANCO and those similarly-situated respectfully request that this Honorable Court:

A.  Enter judgment for Plaintiff DARIO ANCO and against the Defendants LUMEN GROUP, and JULIAN A. AGUIRRE on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff DARIO ANCO and those similarly-situated demand trial by jury of all issues triable as of right by jury.

**COUNT III:**
**FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)**
**RETALIATION; AGAINST ALL DEFENDANTS**

81. Plaintiff DARIO ANCO re-adopts each and every factual allegation as stated in paragraphs 1-29 of this complaint as if set out in full herein.

82. Defendant LUMEN GROUP was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The defendant is maintenance/janitorial company providing services to companies engaged in interstate commerce. Defendant had more than two employees and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information

and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

83. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

84. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

85. 29 U.S.C. § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

86. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

87. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

88. Defendants LUMEN GROUP, and JULIAN A. AGUIRRE employed Plaintiff DARIO ANCO as a non-exempt full-time janitorial employee approximately on January 22, 2015. To the present date, October 19, 2018, Plaintiff continues his employment with Defendant.

Plaintiff has been working for Defendant for a period of 3 years plus 8 months. For FLSA'S purposes Plaintiff's relevant period of employment is 156 weeks (to October 19, 2018).

89. Plaintiff was hired to work as a janitor, with a wage rate of $10.00 an hour.  Plaintiff overtime rate should be $15.00 an hour.

90. Plaintiff worked under the supervision of the owner of the business JULIAN A. AGUIRRE, and supervisor Johan Castellano.

91. During his relevant employment period with Defendants, Plaintiff maintained an irregular schedule.  Plaintiff worked 7 days per weeks on split shifts. Plaintiff performed his work in a jobsite, and then he traveled to his next job assignment.

92. During his relevant period of employment from October 19, 2015 to August 12, 2018 (147 weeks) Plaintiff worked every month, 2 weeks of 98 hours of work, and 2 weeks of 90 hours of work, which represent 73 weeks with 98 hours of work; and 74 weeks with 90 hours of work.

93. Every week, Plaintiff worked in excess of 40 hours, but Defendants failed to pay him for overtime hours.

94. Therefore, during the relevant period of time Defendants failed to pay Plaintiff overtime wages at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

95. Plaintiff did no clock in and out, but Defendants were able to track the hours worked for Plaintiff. Plaintiff and other similarly situated employees were constantly monitored by manager JULIAN A. AGUIRRE and supervisor Johan Castellano.

96. Plaintiff with checks or cash, but he was never provided with paystubs, or any kind of records regarding days and hours worked, wage rate, employment taxes withheld etc.

97. In addition, Defendant did not pay Plaintiff his wages in a regular fashion and on payment dates.  Throughout many weeks, Defendant did not pay plaintiff at all, or they did partial payments. Plaintiff was not compensated his regular wages for every working hour during his relevant period of employment.

98. Plaintiff was never in agreement with the monetary compensation received, and he complained about his overtime payment, regular unpaid wages, and late payments multiple times, too many to count, the owner of the business JULIAN A.  AGUIRRE always promised to fix the problem soon.

99. These complains constituted protected activity under 29 U.S.C. 215(a)(3).

100.    On or about June 2018, Plaintiff and the owner of the business JULIAN A.  AGUIRRE had a meeting in which they together reviewed Defendants' payment records and made calculations about Plaintiff's unpaid wages. JULIAN A.  AGUIRRE and Plaintiff agreed that Defendants did not pay Plaintiff for 2,500 accumulated working hours at the rate of $10.00 an hour, which resulted in the amount of $25,000.00 in unpaid wages. JULIAN A.  AGUIRRE was in agreement about the accumulated wages owed to Plaintiff.

101.    The owner of the business JULIAN A.  AGUIRRE promised to pay Plaintiff for every hour and he proposed an installment plan. Plaintiff accepted. Nevertheless, Defendant never performed as agreed, and never paid Plaintiff for his unpaid wages.

102.    On or about Friday August 10, 2018, Plaintiff requested to be paid for overtime hours and his unpaid wages as agree, JULIAN A.  AGUIRRE got very upset, and they had an argument.

103.     This complaint constituted protected activity under 29 U.S.C. 215(a)(3).

104.     As a retaliatory action for Plaintiff's multiple complaints, on or about August 13, 2018, Plaintiff's working hours were reduced to 15 hours per week.

105.     At all times during his employment, Plaintiff performed his work satisfactorily. There was no reason other than a retaliatory action to reduce Plaintiff's working hours.

106.     The adverse employment action against Plaintiff DARIO ANCO by the Defendants was directly and proximately caused by Defendants' unjustified retaliation because of Plaintiff's complaints about overtime payment, and regular wages in violation of Federal Law.

107.     Moreover, Plaintiff's termination came just in temporal proximity after Plaintiff's participation in protected activity on or about.

108.     At the time mentioned, individual Defendant JULIAN A. AGUIRRE was and is now, the owner and manager of Defendant Corporation LUMEN GROUP.  Defendant JULIAN A. AGUIRRE was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of LUMEN GROUP in relation to its employees including Plaintiff and others similarly situated.  Defendant JULIAN A. AGUIRRE had absolute operational and financial control of the business, and he is jointly liable for Plaintiff's damages.

109.     Defendants LUMEN GROUP and JULIAN A. AGUIRRE willfully and maliciously retaliated against Plaintiff DARIO ANCO by engaging in a retaliatory action that was materially adverse to a reasonable employee, and with the purpose to dissuade Plaintiff from exercising his rights under 29 U.S.C. 215(a)(3).

110.     The motivating factor which caused Plaintiff DARIO ANCO to be fired from the

business, as described above was his complaint seeking his regular wages and half-time

overtime wages from the Defendants.  In other words, Plaintiff would not have been fired,

but for his complaints regarding overtime wages.

111.     The Defendants' adverse actions against Plaintiff DARIO ANCO were in direct

violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

112.     Plaintiff DARIO ANCO has retained the law offices of the undersigned attorney to

represent him in this action and is obligated to pay a reasonable attorney's fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff DARIO ANCO respectfully requests that this Honorable Court:

A.  Enter judgment declaring that the firing of Plaintiff DARIO ANCO by Defendants
    LUMEN GROUP and JULIAN A. AGUIRRE   was an unlawful act of retaliation in
    violation of 29 U.S.C. 215 (a) (3).

B.  Enter judgment against Defendants LUMEN GROUP and JULIAN A. AGUIRRE
    awarding Plaintiff DARIO ANCO liquidated damages in an amount equal to the amount
    awarded as consequential damages;

C.  For all back wages from the date of discharge to the present date and an equal amount
    of back wages as liquidated damages

D.  Enter judgment awarding Plaintiff reasonable attorney's fees and costs of this suit; and

E.  Grant such other and further relief as this Court deems necessary and proper.

<u>JURY DEMAND</u>

Plaintiff DARIO ANCO demands trial by jury of all issues triable as of right by jury.

Dated:  October 27, 2018

Respectfully submitted

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*